IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| GREGORY JOSEPH JOHNSON, a/k/a GREGORY J. JOHNSON, a/k/a GREGORY JOHNSON, | CASE NO. 5:22-bk-01087 |
| Debtor | |
| GREGORY JOSEPH JOHNSON, | |
| Movant | Motion for Contempt |
| v. | |
| IRINA MAYMAN | |
| Respondent | |

**MOTION FOR CONTEMPT**

AND NOW COMES, Movant, Gregory Joseph Johnson, by and through his attorneys, Newman Williams. P.C., and pursuant to 11 U.S.C. § 524 seeks relief for violations of the Discharge Injunction, and in support thereof, presents the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. This is a core proceeding under 28 U.S.C. § 157.

2. Movant/Debtor filed a Chapter 7 Bankruptcy Case on June 10, 2022 docketed at 5:22-bk-021087-MJC.

3. Respondent is Irina Mayman, the Debtor's ex-wife, with an address of 362 Getz Avenue, Staten Island, NY 10312.

4. In the Movant's Voluntary Chapter 7 Petition, Movant listed Respondent on Schedule H as a co-obligor on a debt with Key Bank. Schedule H is attached hereto as an **Exhibit "A"**.

5. On or about June 13, 2022, the Bankruptcy Noticing Center served a formal Notice of Chapter 7 Bankruptcy Case, indicating the date and location of the meeting of creditors and case deadlines, on Respondent at 611 Shane Drive, Effort, PA 18330. A true and correct copy of the Bankruptcy Noticing Center Certificate of Notice is filed with this motion as an **Exhibit "B".**

6. Respondent engaged in the herein Chapter 7 proceeding by way appearing via telephone, with her attorney Patrick J. Best, Esq., at the July 8, 2022 § 341 Meeting of Creditors held before Chapter 7 Trustee John J. Martin, Esq.

7. Respondent further engaged in the herein Chapter 7 proceeding, by and through her attorney, Patrick J. Best, Esq., by the filing of a Motion for Relief from Automatic Stay, appearing on the record of this Court at Docket Entry #23.

8. Respondent further engaged in the bankruptcy proceeding by way of the filing of a Request to Appear remotely filed by her attorney, Patrick J. Best, Esq., on March 23, 2023, and appearing on the record with this Court at Docket Entry #35.

9. On January 20, 2023, this Court issued a Discharge Order resulting in all dischargeable debts the Debtor had on the date of the bankruptcy filing being eliminated. The Discharge Order appears on the record with the Court at Docket Entry #27.

10. The Discharge Order indicated creditors could not contact the Movant by mail, phone, or otherwise attempt to collect a debt personally, and warned that creditors who violated this Order could be required to pay Movant's damages and attorney's fees.

11. On January 22, 2023, the Bankruptcy Noticing Center served the Discharge Order on respondent, Irina Mayman at 611 Shane Drive, Effort, PA 18330-8170. A true and correct copy of the Bankruptcy Noticing Center Certificate of Notice is filed with this motion as an Exhibit B and reflected on the record of this Court at Docket Entry #28.

12. Notwithstanding the entry of the Discharge Order by this Court, on or about September 27, 2023, Respondent, purportedly on behalf of the minor son she shares with Debtor, designated as "E.J.", filed a civil complaint against Debtor in the United States District Court for the Eastern District of Pennsylvania (the "Civil Complaint"). The Civil Complaint having been filed in the incorrect venue, the Eastern District of Pennsylvania transferred the matter to the Middle District of Pennsylvania on September 28, 2023.

13. The matter number for the Civil Complaint in the Middle District of Pennsylvania is 3:23-cv-01636-KM.

14. The Civil Complaint, attached hereto as **Exhibit "C"** and incorporated herein by this reference, alleges that the Debtor is indebted to E.J. for civil damages as the result of an alleged event (the "Alleged Event") which Debtor claims never occurred.

15. Regardless of the veracity of the allegations alleged against Debtor in the Civil Complaint, the Alleged Event, as claimed by Respondent on behalf of E.J., is alleged at Paragraph 9 of the Civil Complaint, to have occurred "[o]n or about August 2021."

16. The Alleged Event purportedly occurred ten (10) months prior to the June 10, 2022 filing of the Debtor's Chapter 7 bankruptcy.

17. Debtor maintains that the Alleged Event did not occur, and thus did not include E.J. as a creditor in his Chapter 7 proceeding.

18. Until the filing of the Civil Complaint, Debtor was unaware that Respondent was claiming the existence of the Alleged Event, and thus did not include E.J. as a creditor in his Chapter 7 case.

19. Regardless of whether the Alleged Event occurred, any obligation of a civil nature by Debtor to E.J. was discharged by the January 20, 2023 Discharge Order entered by this Court. *See Judd v. Wolfe*, 78 F.3d 110 (3d Cir. 1996).

20. Respondent, with full knowledge of the Discharge Order, and in an effort to harass Debtor, personally and financially, post-discharge, purportedly on behalf of Debtor's minor child, filed the Civil Complaint against Debtor.

21. The caption of the Civil Complaint reads "E.J. a minor, by IRINA MAYMAN Mother" as Plaintiff.

22. The actions of Respondent, detailed above, violate the discharge injunction as provided in 11 U.S.C. 524(a)(2), which provides as follows:

    a. A discharge in case under this title –

        i. operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

23. Respondent, after having failed to object to discharge or the dischargeability of the debts owed to her and after having received notice of Movant's discharge, having filed suit against Debtor with respect to claim which allegedly arose pre-petition, has willfully violated the provisions of Section 524(a)(2) of the Bankruptcy Code.

24. Due to Respondent's willful violation of the Bankruptcy Code, Debtor has been injured and is entitled to recover actual damages, court costs, attorney's fees and punitive damages.

WHEREFORE, based on the foregoing, Movant/Debtor respectfully requests that this Court enter an Order: (i) enforcing the discharge order and finding Respondent in contempt of court, (ii) ordering Respondent to pay the Movant/Debtor's actual damages, court costs, and attorney's fees: (iii) ordering Respondents to pay punitive damages to Movant/Debtor, and (iv) for such other relief as this Court shall deem just and equitable.

Respectfully submitted,

**NEWMAN WILLIAMS, P.C.**

/s/     *Robert J. Kidwell*
Robert J. Kidwell, Esq.
Attorney for Movant
PO Box 511, 712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090; fax (570) 424-9739
rkidwell@newmanwilliams.com